UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No.: 1:21−cv−01823

**STEPHANIE JONES,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**HAWKINSON NISSAN LLC,**

    Defendant.

_____ /

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**Honorable Andrea R. Wood**

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Stephanie Jones brings this class action against Defendant Hawkinson Nissan LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA") and its implement regulations, 47 C.F.R. § 64.1200, *et seq*.

2. Defendant operates a car dealership selling new and used cars as well as vehicle maintenance, services, and parts.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff hereby amends her complaint as a matter of course.

3. To market its business, Defendant places telemarketing calls using artificial or prerecorded voice messages to individuals' cellular and residential telephone phone numbers without first obtaining the required express written consent.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.

5. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

8. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone number (the "6473 Number") which has the area code 708 and is therefore associated with Cook County, Illinois. Plaintiff received such messages on the 6473 Number while residing in and physically present in Illinois.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the Cook County, Illinois.

10. Defendant is a corporation whose principal office is located in Cook County, Illinois. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using … an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for

incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16. In 2012, the FCC issued an order further restricting automated <u>telemarketing</u> calls, requiring "prior express <u>written</u> consent" for such calls. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

17. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

18. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

19. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

20. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

21. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

22. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

23. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

**FACTS**

24. Defendant operates a car dealership that, on information and belief, generates revenue and profit from various activities, including (1) selling new vehicles,[2] (2) selling used

---

[2] *See Hawkinson Nissan,* New Inventory, available at https://hawkinsonnissan.com/sale/nissan-matteson-il (last visited August 24, 2021).

5

vehicles,[3] (3) providing financing for the purchase of a new or used vehicle,[4] (4) providing car servicing,[5] and (5) selling car parts.[6]

25. To market its goods and services, Defendant placed telemarketing telephone calls that utilized a prerecorded or artificial voice to Plaintiff and other individuals who did not give consent to receive such calls.

26. The use of these prerecorded calls, colloquially known as "robocalls", allowed Defendant to reach a high volume of individuals while reducing the overall cost of the marketing by removing the need to have a human being call and speak to each person that answered the phone. This, in turn, allowed Defendant to generate additional revenue while reducing its costs for this revenue.

27. From 2019 through 2020, Defendant caused multiple telemarketing prerecorded voice messages to be transmitted to Plaintiff's cellular telephone number ending in 6473 ("6473 Number").

28. The prerecorded messages included a prerecorded voice which identified itself as calling from Hawkinson Nissan and which asked her to bring her vehicle in so that she could be offered top dollar for it and to get her into a newer vehicle.

29. Defendant's prerecorded message calls constitute telemarketing/advertising/solicitations because they promoted Defendant's business, goods and services.

---

[3] *See Hawkinson Nissan,* Pre-Owned Inventory, available at https://hawkinsonnissan.com/sale/used-cars-matteson-il (last visited August 24, 2021).
[4] *See Hawkinson Nissan,* Hawkinson Nissan Financing and Auto Loans, available at https://hawkinsonnissan.com/financing-auto-loans (last visited August 24, 2021).
[5] *See Hawkinson Nissan,* Servicing, available at https://hawkinsonnissan.com/schedule-service (last visited August 24, 2021).
[6] *See Hawkinson Nissan,* Parts, available at https://hawkinsonnissan.com/oem-parts (last visited August 24, 2021).

30. First, the prerecorded messages encouraged the purchase, or investment in, Defendant's property or goods; specifically, Defendant's new and used vehicles.

31. Second, the prerecorded messages' offer to purchase Plaintiff's vehicle was what the FCC has called a "dual purpose" communication: although offering to purchase Plaintiff's vehicle, the offer was motivated in part to have Plaintiff contact Defendant so that Defendant could further advertise/market/solicit its other goods and services, including its new and used vehicles.[7]

32. At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 6473 Number.

33. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by prerecorded message.

34. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

35. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

37. Plaintiff brings this case on behalf of the Class defined as follows:

---

[7] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 FCC Rcd 14014, ¶ 142 (F.C.C. June 26, 2003) (stating, "If the call is intended to offer property, goods, or services for sale either during the call, or in the future (such as in response to a message that provides a toll-free number), that call is an advertisement.").

> All persons in the United States who, within four years prior to the filing of this action, (1) received a call using an artificial or prerecorded voice, (2) to said person's telephone number; (3) regarding Defendant's property, goods, or services.

38. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

39. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

40. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

42. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

      c) Whether Defendant's conduct was knowing and willful;

      d) Whether Defendant is liable for damages, and the amount of such damages; and

      e) Whether Defendant should be enjoined from such conduct in the future.

43. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

44. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

46. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Proposed Class)**

48. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

49. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

50. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

51. Defendant – or third parties directed by Defendant – placed telemarketing calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

52. These calls were made without regard to whether or not Defendant had first obtained the prior express written consent it required from the called party to make such telemarketing calls using an artificial or prerecorded voice.

53. In fact, Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class with telemarketing calls using an artificial or prerecorded voice when the calls were made.

10

54. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an prerecorded messages to make non-emergency telemarketing telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

55. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

56. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

57. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its prerecorded messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT II**
**VIOLATION OF 47 C.F.R. § 64.1200(a)**
**(On Behalf of Plaintiff and the Proposed Class)**

58. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

59. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

60. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an

advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

61. Further, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party …" 47 C.F.R. § 64.1200(a)(3).

62. Defendant placed telemarketing calls using artificial or prerecorded voices to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent. SAS

63. Defendant has therefore violated § 64.1200(a)(1)(iii), § 64.1200(a)(2), and § 64.1200(a)(3) by using an prerecorded voice messages to make non-emergency telemarketing telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

64. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

65. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

66. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

c) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) An order declaring that Defendant's actions, as set out above, violate the TCPA;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: August 24, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Ignacio J. Hiraldo, Esq.*<br>IJH Law<br>Ignacio J. Hiraldo, Esq.<br>Fl. Bar No. 56031<br>DC Bar No.485610<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>t. 786-496-4469<br>e. ijhiraldo@ijhlaw.com | HIRALDO PA<br>Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713 |

*Attorneys for Plaintiff and the Proposed Class*